UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMIE L. ELLIS,

      Plaintiff,

      v.                                    Case No. 22-cv-0747-bhl

CHRISTINE RUTHERFORD and
CITY OF MILWAUKEE POLICE OFFICERS,

      Defendants.

## SCREENING ORDER

Plaintiff Jimmie L. Ellis, who is currently serving a state prison sentence at the Sturtevant Transitional Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 25, 2022, the Court gave Ellis the opportunity to file an amended complaint, which he did on August 10, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Ellis' allegations are brief. He asserts that Defendants detained him at the Milwaukee Police Department on October 28, 2020, "based on police reports falsely implicating [him] of a human trafficking offense." According to Ellis, the detention ended later that same day "because there was no evidence to charge the plaintiff with a human trafficking offense on the above date." Ellis concludes that "[i]f that proved to be true, [his] detention was unreasonable in violation of the Fourth Amendment." Ellis seeks $3 million in damages. Dkt. No. 8.

## THE COURT'S ANALYSIS

"The Fourth Amendment allows officers to briefly detain and stop a person for investigative purposes even where probable cause is lacking where the officer has a reasonable suspicion based on articulable facts that criminal activity may be occurring." *United States v. Segoviano*, 30 F.4th 613, 619 (7th Cir. 2022) (citations omitted). An investigatory detention may be justified by a reasonable suspicion that the person is, is about to, or was engaged in criminal conduct. *Id.* (citations omitted).

As was the case with Ellis' original complaint, his amended complaint fails to state a claim because Ellis does not set forth sufficient factual content for the Court to reasonably infer that Defendants violated the Fourth Amendment when they detained him. According to Ellis, a police report was filed implicating him in a human trafficking offense. Ellis includes no allegations about the content of the report, nor does he include allegations supporting an inference that Defendants knew or had reasons to believe the report was false when they questioned him about it. While Ellis does not state how long he was detained, he acknowledges that officers released him the same day after concluding that there was no evidence to support a human trafficking charge. Contrary to Ellis' suggestion, the mere fact that officers did not charge him does not support a reasonable inference that briefly detaining him to investigate the report was constitutionally impermissible. In short, Ellis' "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on August 15, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.